# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00683-CMA-NYW

**sPower Development Company, LLC**, a Delaware limited liability company,

        Plaintiff,

v.

**Colorado Public Utilities Commission**, an agency of the State of Colorado;

**Jeffrey P. Ackermann**, in his official capacity as Commissioner and Chairman of the Colorado

Public Utilities Commission;

**Frances A. Koncilja**, in her official capacity as Commissioner of the Colorado Public Utilities

Commission;

and

**Wendy M. Moser**, in her official capacity as Commissioner of the Colorado Public Utilities

Commission;

        Defendants.

---

## SPOWER DEVCO'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS [ECF No. 16]

---

       Plaintiff sPower Development Company, LLC (sPower DevCo), through its undersigned

counsel, respectfully submits this Response in Opposition to Defendants' Motion to Dismiss

[ECF No. 16] and states as follows in support thereof:

## Introduction

sPower DevCo has statutory standing to bring this lawsuit, which it has brought under Section 210(h) of PURPA. 16 U.S.C. § 824a-3(h)(2)(B). In addition to its statutory standing, sPower DevCo has standing to bring this lawsuit under the common-law standard. sPower DevCo has suffered and continues to suffer a concrete and particularized financial injury as a result of its inability to enter into a contract to sell energy and capacity from its qualifying facilities (QFs). The cause of sPower DevCo's financial injury is the Defendant CoPUC's Rule 3902(c), which unlawfully requires a QF to win an infrequently-held request for proposals (RFP) process before it may enter into a contract with a public utility in Colorado. A favorable decision from this Court, declaring that the second sentence of Rule 3902(c) does not comply with the Public Utility Regulatory Policies Act of 1978 (PURPA) or the regulations of the Federal Energy Regulatory Commission (FERC) and enjoining the Defendants from enforcing this rule, will redress sPower DevCo's injury. The Motion to Dismiss for lack of standing should be denied.

sPower DevCo has demonstrated that the second sentence of Rule 3902(c) does not comply with PURPA, which is a cognizable legal theory properly before this Court. sPower DevCo has also alleged facts that are sufficient to support this legal claim and sufficient for the Court to provide the declaratory and injunctive relief that sPower DevCo seeks. The Motion to Dismiss for failure to state a claim should be denied.

sPower DevCo's claims are ripe for review, are properly before this federal Court, and can only be resolved by a favorable decision from this Court.

## Legal Standard

When evaluating a motion to dismiss for lack of standing under Rule 12(b)(1), a court "must accept as true all well-pleaded facts, and construe all reasonable allegations in the light

most favorable to the plaintiff." *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. Colo. 1996) (internal citations omitted).

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court similarly "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. Okla. 1991) (internal citations omitted).

## Argument

### I.      sPower DevCo Has Statutory Standing to Bring this Action Before This Court.

sPower DevCo brings this case pursuant to Section 210(h) of PURPA, which provides that "*any* … qualifying small power producer may petition the [FERC] to enforce the requirements of subsection (f)" of Section 210 of PURPA. 16 U.S.C. § 824a-3(h)(2)(B) (emphasis supplied); Complaint ¶¶ 9, 11, 45, 55. If, in response to such a petition, "the [FERC] does not initiate an enforcement action … against a State regulatory authority … within 60 days following the date on which a petition is filed under this subparagraph with respect to such authority, the petitioner may bring an action in the appropriate United States district court." *Id*. In other words, "Section 210 [of PURPA] creates an enforcement scheme by which either the FERC or a private party may see to it that a state regulatory commission … complies with the PURPA. … [T]he enforcement action must be brought in federal district court. *Industrial Cogenerators v. FERC*, 47 F.3d 1231, 1234 (D.C. Cir. 1995) (internal citations omitted).

sPower DevCo has a statutory right to petition the FERC to enforce PURPA pursuant to Section 210(h) of PURPA. Complaint ¶ 5, 56. As the owner of several QFs located in Colorado, sPower DevCo brought such a petition for enforcement on December 30, 2016, and the FERC did not initiate an enforcement action against the Defendants within 60 days. *Id*. at 45, 51-52. As

a result of FERC's inaction, sPower DevCo has a statutory right under PURPA to bring this enforcement action against the Defendants in the appropriate United States district court. 16 U.S.C. § 824a-3(h)(2)(B). Because the Defendants are all residents of the District of Colorado, and the QFs that gave rise to this action are located in Colorado, this Court is the appropriate United States district court. 28 U.S.C. § 1391(b) and (c).

### III.    sPower DevCo Meets the Common-Law Standard for Standing.

In addition to having statutory standing under PURPA to bring this action, sPower DevCo also meets the common-law standard for standing. To demonstrate that it meets the common-law standard for standing, sPower DevCo must "show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (U.S. 2000).

sPower DevCo's inability to complete the development of its QFs and recoup its investment in these QFs is an injury-in-fact. Defendants' current regulations are the direct cause of sPower DevCo's ongoing injury, and sPower DevCo's injury will be redressed by a favorable decision from this Court. As a result, sPower DevCo satisfies the common-law requirements of standing in federal court.

*A. sPower DevCo has experienced and continues to experience an injury-in-fact.*

sPower DevCo is the owner of eleven QFs that are currently under development in Colorado. Compl., ¶ 5 [ECF No. 1]. sPower DevCo has a right under PURPA and the FERC's regulations implementing PURPA to sell the energy and capacity from these QFs to a utility in a

manner of its choosing, including pursuant to a long-term obligation at a rate calculated at the time the obligation is incurred. *Id.* ¶¶ 24, 40; 18 CFR 292.304(d)(2). sPower DevCo has been unable to enter into contracts or legally enforceable obligations to sell the energy and capacity from these QFs to a public utility in Colorado, as is its right to do under federal law. Compl. ¶ 42. As a result of its inability to enter into contracts or legally enforceable obligations, sPower DevCo has been unable to complete the development of its QFs and has been unable to make business plans for the future due to this uncertainty that it faces. *Id*. ¶ 43. sPower DevCo's inability to enter into contracts to sell energy and capacity from its QFs is preventing sPower DevCo from being able to secure financing for the projects, delayed the projects' schedules, and has led to uncertainty as to whether sPower DevCo will be able to recover its investments in these QFs at all, all of which diminish the value of sPower's investments and prevent it from pursuing its normal course of business.

Viewing these facts in the light most favorable to sPower DevCo, as the Court must when ruling on the Motion to Dismiss, the Court should find that sPower DevCo's inability to complete the development of its QFs and recoup its investment in these QFs has caused and continues to cause a concrete and particularized financial injury to sPower DevCo. sPower DevCo's financial injury is neither hypothetical nor conjectural, but is an actual injury that sPower DevCo is currently suffering. sPower DevCo will continue to suffer this financial injury until it is able to recoup its investments through contracts or legally enforceable obligations to sell the energy and capacity from its QFs, as is sPower DevCo's right to do under PURPA.

B. *sPower DevCo's injury is caused by the Defendants' non-compliance with PURPA and the FERC's regulations.*

sPower DevCo's injury is caused by the Defendants' Rule 3902(c), which requires a QF to win a quadrennial RFP process as a precondition to entering into a contract or legally

enforceable obligation to sell energy and capacity to a utility in Colorado. As discussed above and as discussed in the Complaint, sPower DevCo has a right under PURPA to sell energy and capacity to a utility pursuant to a contract or legally enforceable obligation in a manner of its choosing. Compl. ¶¶ 24, 40; 18 CFR 292.304(d). The second sentence of Rule 3902(c) has prevented sPower DevCo from exercising this right, which arises under federal law. Compl. ¶¶ 41, 42.

Moreover, though states have some discretion to require QFs to be at a certain stage of development before they may obtain a contract or legally enforceable obligation, *Power Res. Group, Inc. v. PUC*, 422 F.3d 231, 239 (5th Cir. Tex. 2005), Colorado has not adopted any such requirements. It is disingenuous for the Defendants – despite having never expressed any concern with the stage of development of sPower DevCo's QFs and despite not having any information about the stage of development of these QFs – to suggest now that the stage of development of sPower DevCo's QFs is the reason or a reason that it has denied sPower DevCo its QF rights under PURPA. Regardless of whether Defendants are concerned about the stage of development of sPower DevCo's QFs, Defendants cannot impose such a requirement through a federal court pleading.

Contrary to Defendants' disingenuous suggestion, sPower DevCo's injury is not caused by the stage of development of its QFs. Motion to Dismiss, at 7. When sPower DevCo's sister company, Sustainable Power Group, LLC, attempted to resolve its concerns with Rule 3902(c) through advocacy before the Defendant, Defendant CoPUC relied exclusively on the language of Rule 3902(c) and its own procedural concerns as its reasons for denying sPower DevCo any relief. Motion to Dismiss, Ex. 1, CoPUC Decision No. C16-1156-I, Proceeding No. 16A-0396E, ¶ 14. In the CoPUC proceeding in which sPower DevCo's sister company raised its concerns,

Defendants never cited the stage of development of sPower DevCo's QFs as a reason to deny contracts or legally enforceable obligations to these QFs. *Id*. at ¶¶ 6-11. Rather, sPower DevCo's attempts to enter into contracts to sell energy and capacity from its eleven planned QFs have been rejected by a public utility, citing its need to comply with the CoPUC's unlawful regulation. Compl. ¶ 42. sPower DevCo's injury-in-fact was and continues to be caused by Defendants.

C. *sPower DevCo's injury is redressable by this Court*.

sPower DevCo seeks a declaratory judgment from this Court stating that the second sentence of Rule 3902(c) is inconsistent with and does not comply with PURPA or the FERC's regulations implementing PURPA. Compl., Prayer for Relief, ¶ A. sPower DevCo also seeks injunctive relief from this Court enjoining the Defendants from enforcing the second sentence of Rule 3902(c) or taking any other action that is inconsistent with Section 210(f) of PURPA. *Id*., Prayer for Relief, ¶ B. If the Court grants the relief that sPower DevCo has requested, the justification relied upon by Defendants and, by extension, public utilities in Colorado to deny sPower DevCo its rights to sell QF energy and capacity will be removed, and sPower DevCo will be able to exercise its rights under PURPA to enter into a contract or legally enforceable obligation.

The uncertainty caused by sPower DevCo's inability to complete the development of its QFs is the type of injury that the Tenth Circuit has found can and should be redressed through a declaratory judgment, which is what sPower DevCo seeks here. *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (explaining that the Tenth Circuit has instructed trial courts to consider two questions in a declaratory order case: "Will a declaration of rights, under the circumstances, serve to clarify or settle legal relations in issue? Will it terminate or afford relief from the uncertainty giving rise to the proceeding? If an affirmative answer can be

had to both questions, the trial court should hear the case."). Furthermore, Congress expressly and intentionally gave this Court the power to right this wrong by enacting Section 210(h) of PURPA.

**II.     sPower DevCo's claims are ripe for review by this Court.**

    *A. It is not acceptable or logical to require sPower DevCo to remedy its injury by requiring sPower DevCo to participate in a process that does not comply with PURPA.*

Defendants argue that sPower DevCo's injuries are hypothetical or premature because sPower DevCo can simply bid its QFs into the upcoming RFP processes that will be held pursuant to Rule 3902. Motion to Dismiss, at 7. Defendants forget that this requirement that QFs participate in an RFP – if the RFP is the only opportunity to enter into a contract with a public utility – is the very requirement that sPower DevCo has challenged and is the subject of this lawsuit. It is unacceptable to require sPower DevCo to participate in the RFP process contemplated by Rule 3902(c) as a means of remedying sPower DevCo's injury – an injury that has arisen as a result of the fact that Rule 3902(c) fails to effectuate sPower DevCo's federal rights under PURPA. Defendants' argument in this respect is entirely circular and illogical and should be rejected.

    *B. sPower DevCo does not have other procedural solutions to remedy its complaint, and it is not sPower DevCo's responsibility to create procedural avenues for Defendants to comply with PURPA.*

Even though it is not sPower DevCo's responsibility to look for procedural avenues for the Defendants to bring their regulation into compliance with PURPA, sPower DevCo did attempt to do so prior to filing its Petition for Enforcement at the FERC and prior to bringing this lawsuit. Motion to Dismiss, at 8; Motion to Dismiss, Ex. 1, ¶¶ 1, 5.

sPower DevCo also does not have other available procedural avenues before Defendant CoPUC that would redress sPower DevCo's financial injury. Motion to Dismiss, at 8. Rule 3902(c) is currently in effect, Defendant CoPUC has enforced it as written, and a public utility in Colorado has refused to enter into a contract with sPower DevCo in reliance on Rule 3902(c). Ex. 1 to Motion to Dismiss at ¶¶ 4, 14; Compl. ¶ 42. Section 210(f) of PURPA requires the Defendants to comply with PURPA and the FERC's regulations implementing PURPA, and the Defendants' Rule 3902(c) – as it is written and enforced – does not comply with PURPA. 16 U.S.C. § 824a-3(f).

It is not clear why the Defendants have suggested that sPower DevCo initiate a rulemaking to resolve its concerns, because the Defendants have already stated that they believe that Rule 3902(c) is compliant with PURPA. Motion to Dismiss, at 8; Motion to Dismiss, Ex. 1, ¶¶ 4, 14, n.4. It would be unreasonably burdensome to require sPower DevCo to seek to change Rule 3902(c) through a rulemaking or any other proceeding before Defendant CoPUC when Defendant CoPUC erroneously believes there is no need to change the rule in the first place. *Id*.; *see also* Motion to Dismiss, at 4 (arguing that sPower DevCo cannot support its claim that Rule 3902(c) does not comply with PURPA). Defendants' circular reasoning should be viewed for the farce that it is.

Furthermore, it is not sPower DevCo's responsibility to attempt to create a procedural path before Defendant CoPUC or to facilitate the Defendants' compliance with federal law. The obligation to comply with federal law rests with the Defendant CoPUC. *United Distribution Cos. v. FERC*, 88 F.3d 1105, 1155 (D.C. Cir. 1996) ("The Constitution provides that the laws of the federal government 'shall be the supreme Law of the Land; … any Thing in the Constitution or Laws of any state to the Contrary notwithstanding.' That principle of supremacy is implemented

through the doctrine of federal 'preemption,' under which state and local law may be stripped of its effect." (quoting U.S. Constitution, Article VII.)); *Farina v. Nokia, Inc.*, 625 F.3d 97, 115 (3d Cir. 2010) ("Federal regulations preempt state laws in the same fashion as congressional statutes."); *See also*, *Midwest ISO Transmission Owners v. FERC*, 373 F.3d 1361, 1372 (D.C. Cir. 2004) ("Federal preemption and the Supremacy Clause … operate to prevent the states from taking regulatory action in derogation of federal regulatory objectives.")

### III. This Court has jurisdiction to address sPower DevCo's challenge to the Defendants' non-compliant PURPA implementation scheme.

Defendants have failed to implement PURPA's must-buy requirement through a lawful regulatory regime or implementation plan. Compl., ¶ 59. Federal courts have exclusive jurisdiction "over claims challenging the implementation of FERC/state agency regulations." *Massachusetts Inst. of Tech. v. Massachusetts Dep't of Pub. Utils.*, 941 F. Supp. 233, 236-7 (D. Mass. 1996) (citing *Indus. Cogenerators v. FERC,* 47 F.3d 1231 (D.C. Cir. 1995) and *Greensboro Lumber Co. v. Georgia Power Co.,* 643 F. Supp. 1345 (N.D. Ga. 1986), aff'd 844 F.2d 1538 (11th Cir. 1988)). "An implementation claim … involves a contention that the state agency has failed to implement a lawful implementation plan under § 210(f) of PURPA. An as-applied claim, in contrast, involves a contention that the agency's implementation plan is unlawful, as it applies to or affects an individual petitioner." *Id*. (citing *Greensboro Lumber,* 643 F. Supp. at 1374).

Defendants' Rule 3902(c) is inconsistent with and irreconcilable with the requirements of PURPA and the FERC's regulations implementing PURPA. Compl., ¶¶ 34-35, 38, 41. Rule 3902(c) is a key part of the Defendants' PURPA implementation scheme, so sPower DevCo's challenge to the rule itself is properly brought in federal court as an implementation challenge.

An implementation challenge under Section 210(h) of PURPA must first be brought before the FERC in the form of a Petition for Enforcement and, if the FERC declines to act, may be brought in the appropriate federal district court. Motion to Dismiss at 9; 16 U.S.C. § 824a-3(h)(2)(B). "By statute, Congress has mandated that PURPA claims under § 210(h) (implementation claims as opposed to § 210(g) as-applied claims) are to be brought in *federal* court. *Occidental Chem. Corp. v. La. PSC*, 494 F. Supp. 2d 401, 414 (M.D. La. 2007) (emphasis in original).

sPower DevCo brought a Petition for Enforcement to the FERC on December 30, 2016, and the FERC did not initiate an enforcement action within 60 days, after which sPower DevCo had the right to file this action in this Court. Compl., ¶¶ 45-53. When Defendant CoPUCs filed its answer to sPower DevCo's Petition for Enforcement with the FERC, Defendant CoPUC did not argue, as Defendants now do in their Motion to Dismiss, that sPower DevCo's challenge is an as-applied challenge, rather than an implementation challenge. In any event, sPower DevCo has satisfied the prerequisite criteria for bringing this implementation challenge by first bringing the issue to the FERC, and this action is properly before this Court.

Finally, Plaintiff's Complaint is not in danger of becoming moot as a result of a rulemaking proceeding that Defendant CoPUC says that it plans to commence "in the near future." Motion to Dismiss, at n.12. Though the intended rulemaking proceeding will address "resource planning considerations," Defendant CoPUC admits to uncertainty as to whether the rulemaking would even address "bidding practices." *Id*. Unless Defendant CoPUC plans to eliminate the requirement found in the second sentence of Rule 3902(c) that QFs larger than 100 kilowatts (kW) must win a competitive bidding process in order to obtain a contract to sell energy and capacity, sPower DevCo's rights under PURPA would continue to be ignored in

Colorado. As discussed, despite sPower DevCo having presented these arguments to Defendant CoPUC previously, Defendant CoPUC has clearly indicated that it has no concerns about the lawfulness of the second sentence of Rule 3902(c). In other words, there is absolutely no reason to think that the Defendants might render the Complaint moot in an upcoming rulemaking proceeding by fixing or eliminating the second sentence of Rule 3902(c), unless the Defendants receive guidance in the form of a declaratory judgment in Plaintiff's favor from this Court.

## IV. sPower DevCo Alleges a Cognizable Legal Claim and Has Alleged Sufficient Facts to Support Its Claim.

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Hall v. Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. Cal. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007)).

sPower DevCo has stated a plausible legal claim and has alleged sufficient facts, taken as true for the purpose evaluating the Motion to Dismiss, to support its legal claim.

### A. sPower DevCo's claim that Rule 3902(c) does not comply with federal law is a cognizable legal claim.

The essence of sPower DevCo's legal claim is that the Defendants' Rule 3902(c) does not comply with PURPA and the FERC's regulations implementing PURPA, and therefore violates Section 210(f) of PURPA. 16 U.S.C. § 824a-3(f). PURPA and the FERC's regulations implementing PURPA require utilities to purchase energy and capacity offered to them from QFs at an avoided cost rate, which is known as the "must-buy" requirement. Compl., ¶ 19; 16 U.S.C. § 824a-3(a); 18 CFR 292.303(a). The FERC's regulations give each QF the right to choose – at

the QF's option – to sell its energy and capacity on an "as available" basis or pursuant to a contract or legally enforceable obligation. Compl., ¶ 24, 40; 18 CFR 292.304(d).

By contrast, Defendants' Rule 3902(c) requires any QF larger than 100 kW to compete in and win a competitive RFP process that is only held every four years as a precondition to obtaining a contract or legally enforceable obligation. 4 CCR 723-3-3902(c). If a QF does not compete in, or does not win, the quadrennial RFP process, or if the QF prefers not to wait for the next quadrennial RFP, then under Rule 3902(c) the QF is not allowed to exercise its right to sell its energy and capacity pursuant to a contract or legally enforceable obligation. Compl., ¶ 38, 41-42. The burden that Rule 3902(c) places on a QF to compete in and win an infrequently held RFP process before it may sell its energy and capacity to a utility in Colorado renders PURPA's must-buy requirement a nullity in contravention of federal law. The Complaint sets forth a cognizable legal claim that is properly before this Court.

*B. sPower DevCo has alleged sufficient facts to support its claim that Rule 3902(c) does not comply with PURPA and the FERC's regulations implementing PURPA.*

sPower DevCo has alleged sufficient facts to demonstrate that the Defendants have enforced the second sentence of Rule 3902(c) as it is written. Compl., ¶ 34-44. Specifically, Defendant CoPUC requires any QF that is larger than 100 kW in size to win a competitive RFP process that only occurs every four years before the QF may enter into a contract with a utility under its jurisdiction. *Id.* at 34-42. These facts are sufficient for the Court to find and declare that the second sentence Rule 3902(c), on its face and as it is enforced, does not comply with PURPA or the FERC's regulations implementing PURPA. Complaint, Prayer for Relief, ¶ A.

Defendants' Rule 12(b)(6) argument is entirely misplaced and should be rejected. Defendants claim that sPower DevCo has not stated sufficient facts to show that two recent FERC declaratory orders are analogous to the facts at issue in this case. Whether or not the facts

at issue in *Hydrodynamics, Inc.*, and *Windham Solar, LLC* are analogous, which they are, has no

bearing on whether sPower DevCo has stated sufficient facts to support its claims in this case,

which it has.

sPower DevCo acknowledges that the FERC's *Hydrodynamics, Inc.*, and *Windham Solar,*

*LLC*, decisions are not binding on this Court, but the decisions provide useful guidance from the

federal agency charged with implementing and enforcing PURPA. FERC's analysis and holding

in both cases are instructive here: requiring a QF to win a competitive solicitation in order to

obtain a contract or legally enforceable obligation is inconsistent with PURPA and the FERC's

regulations implementing PURPA and imposes an unreasonable obstacle on a QF's ability to

obtain a contract. *Hydrodynamics, Inc.*, 146 FERC at 61840; *Windham Solar, LLC*, 156 FERC at

61232.

sPower DevCo has stated a cognizable legal claim and has alleged sufficient facts to

support this claim. The Motion to Dismiss under Rule 12(b)(6) must be denied.

**V.    The Legal Issue sPower DevCo Raises in Its Complaint Is Properly Before This Court.**

   A. *Avoided cost rates and acceptable methods of determining avoided cost rates are not at issue in this case.*

Plaintiff sPower DevCo asks this Court to declare that Defendants' regulation preventing

a QF from exercising its federal right to enter a contract to sell energy and capacity to a utility

does not comply with PURPA and FERC's regulations implementing PURPA, which it must.

Compl. ¶¶ 59, 65, Prayer for Relief, ¶ A. Defendants' Rule 3902(c) requires a QF larger than 100

kilowatts (kW) in size to win a quadrennial competitive solicitation or RFP before the QF may

enter into a contract to sell its energy and capacity to a public utility in Colorado. *Id.* ¶¶ 34-36; 4

Code of Colorado Regulations (CCR) 723-3-3902(c). This requirement places an unreasonable

and unlawful restriction on the rights of QFs, such as those owned by sPower DevCo, to enter into a contract or other legally enforceable obligation with a public utility, and thereby violates PURPA's must-buy requirement, as set forth in PURPA and the FERC's regulations. Compl.¶ 38; 16 U.S.C. § 824a-3(a); 18 CFR 292.304(d).

As set forth in sPower DevCo's Complaint, and in the Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Motion to Dismiss), PURPA grants QFs the right to a contract or legally enforceable obligation at an avoided cost rate. Compl. ¶¶ 2, 20-22; Motion to Dismiss, at 2. An avoided cost rate reflects the costs that a utility avoids by purchasing energy and capacity from a QF, and thereby ensures that the utility's customers are indifferent to the utility's QF purchases. Compl. ¶¶ 2, 20-22.

Defendants' Motion to Dismiss obscures the legal issue raised in sPower DevCo's complaint by focusing on avoided cost payment levels and Defendants' chosen methodology for setting such payment levels. However, sPower DevCo has not claimed that Defendants' method for determining an avoided cost payment rate violates PURPA. Compl. ¶ 33. Instead, sPower DevCo's Complaint focuses on the unlawful obstacles that Defendants have erected to prevent QFs from entering into a contract with a utility at the payment level resulting from the avoided cost methodology Defendants have adopted. Compl. ¶ 38.

> B. *The FERC's past exploration of competitive bidding in rulemaking proceedings is not relevant to this case, because the FERC never adopted any rules or regulations in those rulemaking proceedings.*

Defendants' reliance on a FERC rulemaking that failed to lead to the adoption of any rules is entirely misplaced. *See* Motion to Dismiss, at 2-3. In 1988, the FERC issued a Notice of Proposed Rulemaking, *Regulations Governing Bidding Programs*, (commonly known as the "Bidding NOPR") to consider the use of competitive bidding to establish avoided cost rates.

FERC Stats. & Regs. ¶ 32,455 (1988), 53 FR 9324. However, the FERC concluded that rulemaking in 1993 *without adopting any rules* and this failed rulemaking is without any legal effect. *Order Terminating Proceedings*, 64 FERC P61,364 (FERC 1993).

The FERC's prior exploration of competitive bidding as a method for establishing an avoided cost rate is not relevant to this case, given that sPower DevCo does not challenge Defendants' methodology for setting avoided cost payment levels. As a result, the *Bidding NOPR* rulemaking cited by Defendants is entirely irrelevant to sPower DevCo's Complaint. Moreover, even if that rulemaking were relevant, which it is not, the FERC did not adopt any rules pursuant to that proceeding. In fact, the FERC, in its recent consideration of Montana's PURPA implementation, expressly disavowed that its prior consideration of competitive bidding was relevant to the issues that sPower DevCo has raised in its Complaint. *See Hydrodynamics, Inc.*, 146 FERC P61,193, n.70 (FERC 2014) (finding that the competitive solicitation methods and requirements that the FERC explored in the *Bidding NOPR*, 53 FR 9324, FERC Stats. & Regs. ¶ 32,455, had no relevance to the FERC's analysis of Montana's PURPA rules requiring QFs to win competitive solicitations because the FERC never adopted any methods and requirements in that rulemaking proceeding).

## VI.     Conclusion

sPower DevCo has statutory standing to bring this action before this Court under Section 210(h) of PURPA. 16 U.S.C. § 824a-3(h)(2)(B). In addition, sPower DevCo satisfies common law standing requirements to bring this claim. sPower DevCo's claim that the Defendants' implementation of PURPA is contrary to federal law is an implementation challenge that is properly before this Court. The Defendants' attempt to dismiss this action for jurisdictional reasons is without merit and should be denied.

Defendant CoPUC must comply with PURPA and all FERC regulations promulgated to implement PURPA. 16 U.S.C. § 824a-3(f). Plaintiff has stated a cognizable legal claim, which is simply that the second sentence of Rule 3902(c) does not comply with PURPA or the FERC's regulations. Section 210(h) of PURPA specifically contemplates that a QF such as Plaintiff may bring a lawsuit such as this in federal court if the FERC declines to act in response to a Petition for Enforcement. Plaintiff has also alleged sufficient facts for the Court to conclude that, if these facts are true, the second sentence of Rule 3902(c) violates PURPA and the FERC's regulations implementing PURPA. Plaintiff has stated a claim for relief that this Court can and should grant, and the CoPUC's motion to dismiss under Rule 12(b)(6) should also be denied.

Dated:          April 28, 2017

KEYES & FOX LLP and

By: */s/ Scott F. Dunbar*
Kevin T. Fox, California No. 256609
              Oregon No. 052551
Scott F. Dunbar, Colo. No. 44521
1580 Lincoln St., Suite 880
Denver, CO 80203
Telephone: (510) 314-8201 (Fox)
Telephone: (720) 216-1184 (Dunbar)
sdunbar@kfwlaw.com
kfox@kfwlaw.com

## Certificate of Service

I hereby certify that on April 28, 2017, I served a true and complete copy of the foregoing **SPOWER DEVCO'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [ECF No. 16]** electronically using the Court's CM/ECF filing system and/or via U.S. Postal Service, addressed as follows:

Colorado Public Utilities Commission
Chairman Jeffrey P. Ackermann
Commissioner Frances A. Koncilja
Commissioner Wendy M. Moser
1560 Broadway, Suite 250
Denver, CO 80202

Erin McLaughlin
Matthew Lindsay
Paul Gomez
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203

Gregory E. Sopkin
Matthew S. Larson
Wilkinson Barker Knauer LLP
1755 Blake Street, Suite 470
Denver, CO 80202

William M. Dudley
Christopher M. Irby
Xcel Energy Services Inc.
1800 Larimer Street, Suite 1100
Denver, Colorado 80202-1414

Kevin L. Opp
Black Hills Corporation
1515 Wynkoop St. Ste. 500
Denver, CO 80202

*/s/ Scott F. Dunbar*