## **EXHIBIT 6**

Colorado Public Utilities Commission Interim Decision Denying
sPower Motion for Waiver, Proceeding No. 16A-0396E,
mailed December 19, 2016

Decision No. C16-1156-I

**BEFORE THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO**

PROCEEDING NO. 16A-0396E

---

IN THE MATTER OF THE APPLICATION OF PUBLIC SERVICE COMPANY OF COLORADO FOR APPROVAL OF ITS 2016 ELECTRIC RESOURCE PLAN.

---

**INTERIM DECISION DENYING
sPOWER MOTION FOR WAIVER**

Mailed Date:      December 19, 2016
Adopted Date:   December 14, 2016

**TABLE OF CONTENTS**

I.   BY THE COMMISSION ...................................................................................................1

   A.   Statement ...................................................................................................................1

   B.   Discussion...................................................................................................................2

   C.   sPower Motion and Response ....................................................................................3

   D.   Findings and Conclusions...........................................................................................4

II.  ORDER................................................................................................................................6

   A.   It Is Ordered That: ....................................................................................................6

   B.   ADOPTED IN COMMISSIONERS' WEEKLY MEETING December 14, 2016..........7

---

**I.      BY THE COMMISSION**

    **A.      Statement**

    1.      This Decision denies the Motion for Waiver of Commission Rule 3902(c) (Motion) filed by Sustainable Power Group, LLC (Sustainable Power or sPower) on October 14, 2016.  Sustainable Power requests that we waive Rule 3902(c) of the Commission's Rules Regulating Electric Utilities, 4 *Code of Colorado Regulations* (CCR) 723-3, indefinitely and

Colorado PUC E-Filings System

establish an alternative methodology to calculate avoided costs for the purchase of electricity

from Qualifying Facilities (QFs).  As discussed below, the Motion is procedurally improper and

beyond the scope of this Proceeding.

### B.    Discussion

2.    On May 27, 2016, Public Service Company of Colorado (Public Service or

Company) filed its application for approval of its Electric Resource Plan (ERP).  Public Service

proposes an eight-year Resource Acquisition Period to meet a projected need of approximately

548 MWs in 2023.  Public Service proposes a competitive, all-source solicitation to acquire new

utility resources to meet this future resource need.

3.    The Federal Public Utility Regulatory Policies Act of 1978 (PURPA) requires

electric utilities to purchase electric energy and capacity from QFs, cogenerators, and non-fossil

fuel resources limited in size to 80 MWs or less.[1] The regulations promulgated by the Federal

Energy Regulatory Commission (FERC) to implement PURPA (FERC PURPA Rules)[2] provide

that electric utilities must purchase electric energy and capacity at a rate reflecting their "avoided

cost."[3]

4.    Except for QFs with a design capacity of 100 KWs or less, the Commission

determines avoided costs through an ERP's competitive bidding process.[4]  QFs may participate

---

[1] *See,* 16 U.S.C. §§ 796(17)(A) and (18)(B).

[2] *See,* 18 *Code of Federal Regulations* (C.F.R.) § 292, *et seq.*

[3] *See,* 18 C.F.R. § 292.304 .

[4] Since 1988, the Commission has established, either through rule or order, the use of competitive bidding in the resource acquisition process to establish the avoided cost for capacity purchased from QFs. *See* Decision No. C88-0726 (*In Re: The Application of the Public Service Company of Colorado Regarding Cogeneration and Small Power Production Projects (Qualifying Facilities or QFs)* in Application No. 38771 issued June 9, 1988; Decision No. C92-1646, issued on December 30, 1992 in Proceeding No. 91R-642E (establishing biennial QF bidding process included in electric integrated resource planning rules); and Decisions Nos. C96-0373 issued April 5, 1996 and C95-1264 issued December 15, 1995, Proceeding No. 95R-071E (establishing one bidding procedure for an electric utility's acquisition of supply-side resources). Current Electric Resource Planning Rules include 4 CCR 723-3-2600 through 723-3-3624.

in the Commission's ERP process. Through Commission Rule 3902(c), QFs are awarded a contract "only" if they win a competitive bid.

### C.     sPower Motion and Response

5.     In the Motion, sPower argues that Rule 3902(c) does not comply with the requirements of PURPA and FERC PURPA Rules. Sustainable Power asks the Commission to waive Rule 3902(c).[5] Sustainable Power further requests that the Commission require Public Service to use the "differential revenue requirement methodology"[6] to calculate its avoided cost for the purpose of purchasing output from QFs that exercise their federal rights to obtain "a legally enforceable obligation"[7] from the Company. Sustainable Power states that it will "provide additional substantive recommendations on how to establish this methodology through a witness in this proceeding."[8]

6.     Public Service, the Colorado Independent Energy Association (CIEA), Interwest Energy Alliance (Interwest), and Western Resource Advocates (WRA) each filed a response to the Motion. All responses contend that the extraordinary, immediate relief requested by sPower is inappropriate in this Proceeding.

7.     Public Service addresses the merits of the arguments raised and concludes that Rule 3902(c) does not conflict with PURPA. Public Service notes that the FERC determinations cited by sPower are not binding precedent for all state commissions, including without limitation, Colorado. According to Public Service, sPower not only has an appropriate remedy to

---

[5] Sustainable Power filed the Motion in accordance with certain terms of the Non-Unanimous Settlement Agreement on Public Service's Rush Creek Wind Project approved by the Commission in Proceeding No. 16A-0117E.

[6] Motion at 1.

[7] *Id.* at 2.

[8] *Id.* at 18.

change the Commission's rules by pursuing rulemaking or other proceedings before the Commission, but it may also seek consideration at FERC.[9]

8.      Interwest states that the Motion should be denied as beyond the scope of this Proceeding; however, if the Commission considers the merits of the Motion, Interwest also states that Rule 3902(c) is not in conflict with PURPA.

9.      Both Public Service and Interwest state that FERC is currently reviewing PURPA implementation and both suggest that any state commission considerations of rule changes should consider the FERC proceeding and updates.

10.     CIEA states that the Motion should be denied for its procedural failings as beyond the appropriate considerations of this Proceeding. CIEA recommends "staying" the Motion's legal arguments until a necessary rulemaking is conducted.

11.     WRA alone substantively agrees with sPower that Rule 3902(c) is not compliant with PURPA. However, WRA states that the relief requested, if granted, is contrary to the Colorado Administrative Procedure Act and can only be effectuated through a rulemaking.

### D.      Findings and Conclusions

12.     Enacted in 1978, PURPA is aimed to encourage the development of QFs by requiring electric utilities to purchase electric energy from QFs.[10]  The statute contains three limitations on the rates for such purchases:

> [A] rate must be just and reasonable to the electric utility's consumers and must be in the public interest; a rate cannot discriminate against qualifying small power producers or qualifying cogenerators; and a rate cannot 'exceed the incremental cost to the electric utility of alternative electric energy.'[11]

---

[9] As a settling party in Proceeding No. 16A-0117E, Public Service agreed not to challenge sPower's Motion as beyond the scope of this proceeding.

[10] 16 U.S.C. § 824a-3(a)

[11] *See* Decision No. R03-0687, Proceeding No. 02A-665E issued June 18, 2003 at ¶ 21.

13.     Rule 3902(c) sets forth how the Commission determines the third limitation in determining "avoided costs."   The rule requires that "[t]he utility is obligated to purchase capacity or energy from a qualifying facility *only* if the qualifying facility is awarded a contract under the bid or auction or combination process."  (Emphasis added).  Through Phases I and II of this ERP, consistent with Commission rules, Public Service has proposed a plan to acquire new utility resources, which ultimately includes competitive all-source bid solicitation.  Competitive bidding will establish avoided costs for purchases from QFs in this ERP.

14.     We agree with responsive pleadings that the relief requested by sPower is procedurally improper and beyond the limited scope of this Proceeding.   We therefore deny the Motion.   Use of competitive bidding is an appropriate means by which the Commission establishes avoided costs for purchases from QFs.   Whether additional means of determining avoided costs should be considered by this Commission requires determinations outside of this ERP, consistent with the Colorado Administrative Procedure Act.

15.     Sustainable Power relies on two recent FERC declaratory orders that specifically addressed competitive bidding opportunities and rules in Montana and Connecticut: *Hydrodynamics Inc.,* 146 FERC ¶ 61,193 (2014) and *Windham Solar LLC*, 156 FERC ¶ 61,042 (2016).  These determinations are limited to the specific facts presented and are not binding precedent in Colorado.  As noted by Public Service, significant differences exist between the Montana and Connecticut competitive bidding practices in relation to Colorado's rules and practices.[12]  *Hydrodynamics* and *Wyndham* do not overturn longstanding encouragement from

---

[12] Public Service Response, at 3. In both *Hydrodynamics* and *Wyndham,* QF petitioners established that they were effectively foreclosed from participating in state bidding schemes due to infrequency of, and preconditions to, competitive solicitations.  In contrast, Colorado has frequent ERP solicitations in which QFs are provided regular opportunity to bid and obtain long-term contracts.

FERC that an all-source competitive solicitation is an effective method to determine avoided costs.[13]   Immediate and indefinite waiver of the Colorado rules is not required based on the FERC declaratory orders regarding the specific facts and rules in Montana and Connecticut.

16.     Waiving the rules for an indefinite period and setting a QF methodology for determining avoided costs amount to rules of general applicability.[14]   Consistent with Colorado's Administrative Procedure Act, rules of general applicability must be decided through appropriate rulemaking procedure, including notice and opportunity for public comment.   The sPower request for the Commission to revise its methodologies for determining avoided cost rates is therefore beyond the scope of this Proceeding.

17.     Sustainable Power is not precluded from raising substantive arguments regarding alternative QF methodologies and requesting revision of the Commission's rules through appropriate filings and proceedings.

## II.    ORDER

### A.    It Is Ordered That:

1.     The Motion for Waiver of Commission Rule 3902(c) filed by Sustainable Power Group, LLC on October 14, 2016, is denied.

2.     This Decision is effective on its Mailed Date.

---

[13] *See* Public Service Response, at 15-20.

[14] *See* § 24-4-102(15), C.R.S.

Decision No. C16-1156-I                                    PROCEEDING NO. 16A-0396E

**B.  ADOPTED IN COMMISSIONERS' WEEKLY MEETING
December 14, 2016.**

(S E A L)



ATTEST: A TRUE COPY

Doug Dean,
Director

THE PUBLIC UTILITIES COMMISSION
OF THE STATE OF COLORADO


JOSHUA B. EPEL

_____


GLENN A. VAAD

_____


FRANCES A. KONCILJA

_____
Commissioners