## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00683-CMA-NYW

**sPower Development Company, LLC**, a Delaware limited liability company,

      Plaintiff,

v.

**Colorado Public Utilities Commission**, a regulatory agency of the State of Colorado;
**Jeffrey P. Ackermann**, in his official capacity as Commissioner and Chairman of the Colorado Public Utilities Commission;
**Frances A. Koncilja**, in her official capacity as Commissioner of the Colorado Public Utilities Commission; and
**Wendy M. Moser**, in her official capacity as Commissioner of the Colorado Public Utilities Commission;

      Defendants.

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

---

Plaintiff, sPower Development Company, LLC (**sPower**) by and through its attorneys Keyes & Fox, LLP, respectfully submits this Response to Defendants' Motion to Dismiss First Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [ECF No. 52] (**MTD**) and states as follows in support thereof:

### INTRODUCTION

By filing their MTD, the Defendants have disregarded the Court's finding that sPower's First Amended Complaint for Declaratory and Injunctive Relief (**Amended Complaint**) would not be subject to dismissal. Order Granting Plaintiff's Motion for Leave to File Amended Complaint and Denying as Moot Defendant's Motion to Dismiss

1

[ECF No. 51] (**Order Granting sPower's Motion to Amend**) at 2. Rather than allowing the Court to hear the merits of sPower's complaint, the Defendants continue to delay the adjudication of this case while Defendants make decisions and entertain proposals that would undermine the effectiveness of a favorable decision by this Court and would increase sPower's injuries.

sPower has stated a cognizable legal claim for relief: that it has been prevented by the CoPUC's Rule 3902(c) from exercising its federal right to force a sale of energy and capacity from its qualifying facilities (**QFs**), which arise under the Public Utility Regulatory Policies Act (**PURPA**) and the Federal Energy Regulatory Commission's (**FERC**) implementing regulations. sPower's inability to exercise its federal rights, along with the financial and competitive harm that it has suffered as a result, confers it with standing to bring this case.

The Defendants' recent decision to open a non-adjudicatory, miscellaneous proceeding to examine, among many other topics, its PURPA implementation scheme does not affect the ripeness of sPower's claim; nor does it warrant *Burford* abstention or a stay of this case. That proceeding has no clear timeline for a decision and is unlikely to result in any change to Rule 3902(c). Regardless, the Defendants have already indicated that they consider Rule 3902(c) to comply with federal law, so the Court should have no assurance that sPower's injuries would be remedied.

Rather than allow the Defendants to further delay the adjudication of this case, the Court should immediately deny Defendants' MTD and deny their request that the Court abstain from or stay this case. Rather, the Court should expediently reach the

merits of this case and provide the Defendants with the guidance that they need, in the form of the declaratory and injunctive relief that sPower seeks, to come into compliance with federal law.

## ARGUMENT

I.    **Defendant Seeks to Delay the Consideration of the Merits of This Proceeding While It Makes Decisions That May Fundamentally Undermine sPower's Rights and Increase Its Injury.**

    A.    Defendants' motion merely reargues positions that the Court has effectively already rejected.

In its Order Granting sPower's Motion to Amend, the Court found that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal" (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). By finding that the factor of futility of amendment was absent from sPower's Amended Complaint, the Court found that the Amended Complaint would not be subject to dismissal. Order Granting sPower's Motion to Amend at 2; *Home Design Servs. Inc. v. Bohnenkamp Constr., Inc.*, No. 08-cv-02391-WDM-KMT, 2009 WL 2055176, at *3 (D. Colo. July 10, 2009) (explaining that leave to file an amended complaint should only be granted under FRCP 15(a) if the amended complaint "when taken as true and in the light most favorable to plaintiff … contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" such that it can "withstand a motion to dismiss" (internal quotations omitted)). Nevertheless, Defendants attempt again to dismiss sPower's Amended Complaint, further delaying a decision on the merits at sPower's expense.

The Court should reject Defendants' attempt to ignore the Court's explicit finding that sPower's Amended Complaint is not subject to dismissal. The Court should likewise not be fooled by Defendant's attempt to use *Estate of Dixon v. Bd. of Cnty. Comm'rs* (MTD at 2) as a relevant analogous decision. In that case, Magistrate Judge Nina Wang granted the Plaintiffs' motion to amend their complaint but explicitly tabled the futility inquiry, inviting Defendants to raise arguments in favor of dismissal through Rule 12 motions. 2016 U.S. Dist. LEXIS 33315, *9, 2016 WL 931274, *3 (D. Colo. Mar. 11, 2016). Here, the Court has already reached the futility inquiry and found that allowing sPower to amend its complaint would not be futile. Since the Court has already ruled on futility, the Defendants' MTD serves only to delay justice to sPower.

      i.      *sPower has suffered a concrete and particularized injury-in-fact that would be redressed by a favorable decision from this Court.*

sPower reiterates and incorporates by reference the arguments that it presented in its Response in Opposition to Defendants' Motion to Dismiss [ECF No. 31] and its Objections to Recommended Decision Pursuant to Fed. R. Civ. P. Rule 72 [ECF No. 45] regarding the injury-in-fact that it has suffered and which conveys sPower with standing to bring this case.

In addition to these arguments, sPower has alleged that it has expended significant money and company resources totaling more than $500,000 on numerous development activities for its eleven QF projects in Colorado – projects for which sPower is ready to enter into contracts or legally enforceable obligations with Public Service Company of Colorado (**Public Service**). Amended Compl., ¶¶ 42-49. Public Service's reliance on Rule 3902(c), and the Defendants' enforcement of Rule 3902(c)

4

has prevented sPower from exercising its federal right under PURPA to force Public Service to purchase the energy and capacity from sPower's QFs pursuant to a contract or legally enforceable obligation. Amended Compl., ¶¶ 50-58. sPower has already suffered a concrete injury through its current inability to force a sale of energy and capacity from its QFs to Public Service, and faces the imminent prospect of losing all of the money it has invested in developing its QFs in reliance on its federal PURPA rights, unless it receives a favorable decision from this Court enjoining the Defendants from enforcing Rule 3902(c).

Defendants further argue that sPower's claims are hypothetical because of "current opportunities to procure contracts." MTD at 6. However, such opportunities are currently only available to winning bidders in utilities' ongoing bidding processes pursuant to Rule 3902(c) – the rule at the heart of the instant dispute. MTD at 6. Defendants' suggestion that sPower could cure its injury by *participating in and winning* a solicitation is circular and unreasonable. By its Amended Complaint, sPower seeks to challenge the legality of the Defendants' process that requires that only winning QF bidders be awarded contracts; therefore, sPower's injury cannot be cured by participating in that very process.

*ii.     sPower's Amended Complaint is ripe for resolution.*

sPower's injury is ripe for resolution because the cause of sPower's injury – the "must-win" requirement in the second sentence of Rule 3902(c) – is currently in effect and has been in effect since 2005. MTD at 4. sPower has alleged sufficient facts to demonstrate that the Defendants enforce Rule 3902(c) as written, and that the rule has

prevented sPower from forcing Public Service to enter into contracts or legally enforceable obligations for its QFs, pursuant to its rights under PURPA. Amended Compl., ¶¶ 54-56. This case does not concern "abstract disagreements over administrative policies" or an administrative decision that has not yet been formalized, as the Defendants suggest. MTD at 7 (citing *Abbot Labs. v. Gardner*, 387 U.S. 136, 148-49 (1969)). Rather, this case concerns the fact that sPower has been denied its federal right to force a sale of energy and capacity from its QFs for over 18 months. Amended Compl., ¶ 51.

As a state regulatory authority, Defendant CoPUC has a responsibility under federal law to implement PURPA in a manner consistent with the FERC's regulations. 16 U.S.C. § 824a-3(f)(1); Amended Compl., ¶ 10. Any alleged "procedural failings" that Defendants found in sPower's prior efforts to resolve its concerns in advocacy before the CoPUC are irrelevant to sPower's right to bring this case; it is not sPower's responsibility to create convenient procedural avenues for the Defendants to fulfill their obligation under federal law. MTD at 8. sPower has suffered and continues to suffer as a result of the Defendants' decision to implement and enforce Rule 3902(c).

Defendants' suggestion that they will examine "additional means of determining avoided costs" is entirely irrelevant to the ripeness of sPower's Amended Complaint. MTD at 8. sPower has never challenged the validity of using competitive bidding as a method of determining avoided cost *rates*, and so Defendants' point is entirely off topic and has no relevance to providing a remedy for sPower's claims. Amended Compl., ¶ 33. To the contrary, sPower has challenged Defendants' refusal to allow QFs to force a

sale of energy and capacity on a utility unless the QF wins the quadrennial competitive bidding process, not the method of determining avoided cost rates. Amended Compl., ¶¶ 34-38, Prayer for Relief, ¶¶ A-B. If QFs are unable to avail themselves of their right to force a sale, the means of setting an avoided cost rate for a sale that cannot be consummated is of absolutely no value.

Defendants argue that their newly opened proceeding to consider an extremely broad swath of Defendants' rules across a wide range of renewable energy issues renders sPower's Amended Complaint unripe for consideration by this Court. Yet the referenced proceeding is nothing more than "a non-adjudicatory, miscellaneous proceeding" that may or may not lead to a change in *any* of the myriad rules on which Defendants have solicited general comment.  MTD, Ex. 2, ¶ 28. The CoPUC has neither committed, nor is it obligated, to strike or revise its rules to bring them into compliance with PURPA. MTD, Ex. 2. As indicated by the CoPUC's reference to a "potential rulemaking," it is entirely possible that the CoPUC will not even open a rulemaking. *Id*. at ¶ 22.

iii.     *sPower has stated a cognizable legal claim for relief.*

sPower reiterates and incorporates by reference the arguments that it presented in its Response in Opposition to Defendants' Motion to Dismiss [ECF No. 31] that it has presented a cognizable legal claim for relief that is not subject to dismissal under Rule 12(b)(6). Further, as discussed above, the Court has already found that sPower's Amended Complaint is not subject to dismissal.

Under the guise of arguing that sPower has failed to state a claim, the Defendants present a misguided argument about the legal merits of the Amended Complaint based entirely on the precedential value of FERC declaratory orders. The Court need not, and should not, reach the legal merits of sPower's Amended Complaint in order to deny Defendants' Motion to Dismiss. That the FERC has twice found that requiring QFs to win competitive bidding processes is not consistent with PURPA is a simple fact that sPower has pleaded in its Amended Complaint. Amended Compl., ¶¶ 4, 59 (citing *Hydrodynamics, Inc.*, 146 FERC P61,193 (FERC 2014) and *Windham Solar, LLC*, 156 FERC P61,042 (FERC 2016). As the expert federal agency charged with implementing PURPA, the FERC's interpretations of its implementing statutes are accorded great deference. *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 865-6 (1984). As a result, the Court should consider the FERC's decisions to be persuasive precedent worthy of the Court's deference. *Id*.

However, the persuasive value of these FERC decisions is an issue properly reserved for the merits of this case. These decisions bolster sPower's arguments and support sPower's cognizable claim for relief, but sPower's claims for relief and its supporting legal arguments do rely upon them exclusively, as Defendants suggest. Rather, sPower's cognizable claim for relief is based on the plain language of PURPA and the FERC's regulations and on the facts that sPower has alleged demonstrating that Defendants enforce Rule 3902(c) as written. sPower's claim is one upon which the Court can and should grant relief.

B. <u>Defendant is considering a proposal in an open proceeding that would further undermine sPower's rights and remedies.</u>

In Exhibit 2 to the Defendants' Motion to Dismiss, the Defendants several times mention a Stipulation that is pending in Public Service's ongoing Electric Resource Plan (ERP) proceeding, CoPUC Proceeding No. 16A-0396E, and which was filed on August 29, 2017. In order for the Court to have the benefit of the full context of this issue, and in order to view all of sPower's well-pleaded allegations in the light most favorable to sPower, this pending Stipulation is attached hereto as Exhibit 7.

If the CoPUC approves this Stipulation, Public Service would be permitted to propose in Phase II of its ERP to retire existing coal-fired generation resources and to own 50 percent of renewable energy or recycled energy generation (referred to as "eligible energy resources" in the Stipulation) that will be needed to replace it.[1] Ex. 7 at 7, 8, 10. As such, Defendants are entertaining a proposal that would allow Public Service to procure and own additional generating resources that could otherwise be provided by QFs. In doing so, the Stipulation advantages Public Service at the expense of QFs, which under PURPA have a right to provide energy and capacity to Public Service that the Stipulation would reserve to Public Service to provide to itself. If Defendants were to approve such a proposal, it would remove a dwindling share of the business opportunity that is available to QFs (and non-QFs alike) in the competitive solicitation to which QFs are unfairly limited.

---

[1] The CoPUC's Rules Regulating Electric Utilities defines "eligible energy resources" as "renewable energy resources or facilities that generate recycled energy or greenhouse gas neutral electricity generated using coal mine methane or synthetic gas." 4 Code of Colorado Regulations 723-3-3652(n). *See also* CRS § 40-2-124(1)(a). While not all eligible energy resources would necessarily qualify as QFs under PURPA, each of sPower's QFs that are the subject of this case would qualify as eligible energy resources. Amended Compl. ¶ 5.

The Stipulation's proposed preferential treatment for Public Service to the detriment of QFs is highly prejudicial to sPower. If Defendants allow Public Service to fulfill 50 percent of its renewable energy capacity need with utility-owned resources to the preclusion of QFs, the capacity value of sPower's QFs would be greatly diminished, resulting in a lower avoided cost purchase rate than sPower might otherwise receive, thereby increasing sPower's injuries. To be clear, sPower does not ask and does not expect the Court to address this Stipulation at this stage of this case. sPower raises this issue because it demonstrates the importance of expeditiously reaching the merits of sPower's case. Defendants repeated attempts at delay compound the scope and severity of sPower's injuries and should be rejected.

## II.   Defendants' Proposal That the Court Turn Over Adjudication of sPower's PURPA Rights to Defendants Is Entirely Inappropriate.

### A. *Burford* abstention is inapplicable because sPower's claim is based on an allegation that PURPA and the FERC's regulations preempt the Defendants' regulatory scheme.

Defendants' reliance on the *Budford* abstention doctrine to argue that the Court should abstain from hearing this case is entirely misplaced. MTD at 12-15; MTD, Ex. 2. sPower challenges the CoPUC's rules based on claims of federal preemption, so *Burford* abstention is inapplicable.

The purpose of abstention is to avoid "needless federal court intervention into important matters within the state's jurisdiction to regulate." (*Aluminum Co. of America v. Utilities Com. of North Carolina*, 713 F.2d 1024, 1030 (4th Cir.1983). However, "[a]bstention under *Burford* and under the primary jurisdiction doctrine is rarely, if ever, appropriate when federal law preempts state law." *Boyes v. Shell Oil Prods. Co.*, 199

F.3d 1260, 1266. "Such a preemption claim must be well founded, of course, and whether the challenged state action conflicts with federal law must be readily discernible from the pleadings." *Aluminum Co. of America*, 713 F.2d at 1029-30.

sPower pleaded in its Amended Complaint that the requirements of PURPA and the FERC's regulations preempt Colorado's non-compliant implementation of PURPA's must-buy requirement. Amended Compl., ¶¶ 4, 10, 23, 25, 50, 70, 74-75. The Defendants' claim that state "[s]tatutory requirements for renewable energy resource planning *transcend* the instant claim in the Amended Complaint" erroneously presumes that the only legal issues in this case involve matters of state law. MTD at 15 (italics added); *Midwest ISO Transmission Owners v. FERC*, 373 F.3d 1361, 1372 (D.C. Cir. 2004) ("Federal preemption and the Supremacy Clause … operate to prevent the states from taking regulatory action in derogation of federal regulatory objectives.") Because sPower claims that Rule 3902(c), on its face, conflicts with the must-buy requirement of PURPA, the extent of the rule's relationship with other state laws and policies is not relevant to the Court's ability to adjudicate this case and does not warrant *Burford* abstention or a stay of this case. Amended Compl., ¶¶ 4, 10, 23, 25, 50, 70, 74-75; *Aluminum Co. of America*, 713 F.2d at 1029-30.

B. <u>Abstention is inappropriate because Defendants have already heard sPower's legal arguments regarding Rule 3902(c), and Defendants refused to take action.</u>

sPower brought its concerns regarding Rule 3902(c)'s non-compliance with PURPA and the FERC's regulations to the CoPUC's attention through a pleading before the CoPUC on October 14, 2016, over one year before the CoPUC decided to open the non-adjudicatory docket that it now believes warrants the Court's abstaining from this

case. Amended Compl., ¶ 55; MTD, Ex. 2 at 1. In response to sPower's pleading, the Defendants refused to waive Rule 3902(c). Amended Compl., Ex. 5 at 1, 17-18; Amended Compl., Ex. 6, ¶¶ 14, 16-17. Rather than initiating a rulemaking to develop a new rule to replace Rule 3902(c), as sPower had also suggested, Amended Compl., Ex. 5 at 17, the CoPUC instead opposed the Petition for Enforcement that sPower filed at the FERC and has chosen to delay proceedings before this Court rather than filing an Answer to sPower's meritorious complaint.[2] Given the Defendants' refusal to replace Rule 3902(c) with a PURPA-compliant rule, there is absolutely no reasonable basis to conclude they would do so now without judicial intervention from this Court.

C. Defendants' non-adjudicatory, miscellaneous proceeding is mere window dressing with no serious intent to remedy Defendants' unlawful Rule 3902(c).

The non-adjudicatory proceeding upon which Defendants rely to ask this court to abstain from hearing this case will encompass four distinct categories of the CoPUC's rules, each of which is impressive in its breadth of scope. MTD, Ex. 2, ¶¶ 17-23. "QF procurements and their interrelation with the competitive bidding processes in Phase II of the ERP process," *i.e.*, Rule 3902(c), is but one of several topics within one of the four categories that the CoPUC plans to consider. *Id*. This process promises to be a massive undertaking, and there is no indication that the CoPUC will prioritize replacing Rule 3902(c) with a PURPA-compliant rule given the myriad of issues to be considered for a future potential rulemaking and its prior treatment of this issue.

Moreover, the CoPUC has not even committed to changing *any* of its QF rules, much less committed to replacing Rule 3902(c). The purpose of the proceeding is to

---

[2] *See* FERC Docket No. EL17-35-000.

collect comments regarding "*potential* updates to *some* of the [CoPUC's] rules," and in anticipation of "a *potential* rulemaking." *Id*. at ¶¶ 14, 22 (italics added). Although there are milestones for initial and responsive comments from stakeholders, the CoPUC did not establish a timeline for concluding the proceeding or for opening a formal rulemaking, nor did it commit that such a rulemaking would actually address QF procurement issues including Rule 3902(c). *Id*. at ¶¶ 25-27. It is entirely possible that the Defendants would spend months on this non-adjudicatory proceeding only to conclude that there is no need to repeal and replace Rule 3902(c), that is, unless this Court provides the injunctive and declaratory relief that sPower seeks.

Finally, the CoPUC made it clear that, if it does modify its rules, such rules will not affect Public Service's current ERP process. *Id*. at ¶ 3. In other words, even if the CoPUC were prepared to repeal and replace Rule 3902(c) at some unknown time perhaps in the distant future (and all indications are that it is not so prepared), in the meantime Defendants will have already allowed Public Service to meet its current capacity need to the detriment of sPower's QFs. As discussed above, such a result would prejudice sPower, which has been asking the CoPUC to recognize its PURPA rights for over a year, and would compound sPower's injuries.

D. <u>Defendants have already erroneously concluded that the existing rules are legally compliant, making Defendants' claim that they plan to address the rules' noncompliance with federal law unlikely at best and misleading at worst.</u>

Defendants have made it clear that they consider Rule 3902(c) to comply with PURPA and the FERC's rules implementing PURPA. *See id.* at 14 ("Rule 3902(c) is integrated within agency rules that are complex and meet not only federal directives, but

state law"); *id.* at 12 ("Neither [of the FERC's decisions in] *Hydrodynamics* nor *Windham* has precedential value or factual applicability to [sPower's] claim"); *id.*, Ex. 2, ¶ 22 ("We welcome input from interested participants regarding whether revisions to the [QF procurement] rules are necessary for *continued* compliance with PURPA") (italics added); Amended Compl., Ex. 6, ¶ 14 ("Use of competitive bidding is an appropriate means by which the Commission establishes avoided costs for purchases from QFs"). As a result, it is both prejudicial and unduly burdensome for the Defendants to ask the Court to abstain from or stay this case while it purportedly evaluates whether Rule 3902(c) "is sufficient … for purposes of PURPA." MTD at 15.

It is not sPower's responsibility to ensure that the Defendants comply with federal law; rather, PURPA itself explicitly directs state regulatory agencies such as the CoPUC to implement PURPA in a manner consistent with the FERC's regulations. 16 U.S.C. § 824a-3(f)(1). If Defendants recognized that Rule 3902(c) did not comply with PURPA, they would have initiated a formal rulemaking process long ago when sPower brought these concerns to Defendants' attention, rather than opening the broad and potentially pointless proceeding that they have opened.

Rather than abstaining from this case or staying the case on the remote chance that the Defendants may at some point in the future take action that resolves sPower's claims for relief, the Court should expeditiously deny Defendants' Motion to Dismiss and hear the merits of this case. The CoPUC's non-adjudicatory, miscellaneous proceeding and any subsequent rulemaking by the CoPUC would greatly benefit from a ruling on the merits from this Court. If the Court declares that the second sentence of Rule

14

3902(c) is inconsistent with and does not comply with PURPA or the FERC's implementing regulations, as sPower has requested, the CoPUC will have the direction it needs to craft a new, PURPA-compliant rule. sPower respectfully requests that the Court provide the CoPUC with this necessary guidance on the requirements of PURPA and the FERC's regulations as expediently as possible by declaring that the second sentence of Rule 3902(c) does not comply with PURPA and by enjoining the Defendants from enforcing it.

## CONCLUSION

For all of the reasons discussed herein, sPower respectfully requests that the Court deny the Defendants' MTD.


DATED:        November 3, 2017


                                    KEYES & FOX LLP and

                                    By: /s/ Scott F. Dunbar
                                    Kevin T. Fox, California No. 256609
                                            Oregon No. 052551
                                            Colorado No. 50835
                                    Scott F. Dunbar, Colorado No. 44521
                                    1580 Lincoln St., Suite 880
                                    Denver, CO 80203
                                    Telephone: (510) 314-8201 (Fox)
                                    Telephone: (720) 216-1184 (Dunbar)
                                    sdunbar@kfwlaw.com
                                    kfox@kfwlaw.com

**Certificate of Service**

I hereby certify that on November 3, 2017, I served a true and complete copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** electronically using the Court's CM/ECF filing system and/or via U.S. Postal Service, addressed as follows:

Erin McLaughlin
Matthew Lindsay
Paul Gomez
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203

*/s/ Scott F. Dunbar*