IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00683-CMA-NYW

**sPower Development Company, LLC,** a Delaware limited liability company,

Plaintiff,

v.

**Colorado Public Utilities Commission**, a regulatory agency of the State of Colorado;
**Jeffrey P. Ackermann**, in his official capacity as Commissioner and Chairman of the Colorado Public Utilities Commission;
**Frances A. Koncilja**, in her official capacity as Commissioner of the Colorado Public Utilities Commission; and
**Wendy M. Moser**, in her official capacity as Commissioner of the Colorado Utilities Commission; **Public Service Company of Colorado**, and **Black Hills/Colorado electric utility Company, PC**,

Defendants.

## ANSWER

Defendants, the Colorado Public Utilities Commission, a regulatory agency of the State of Colorado; Jeffrey P. Ackermann, in his official capacity as Chairman of the Colorado Public Utilities Commission; and Frances A. Koncilja and Wendy M. Moser, in their official capacity as Commissioners of the Colorado Public Utilities Commission (collectively, the "CoPUC"), file their Answer to the First Amended Complaint ("Amended Complaint") (Doc. #62).

## INTRODUCTION

1. The CoPUC admits that this is an action by Plaintiff seeking declaratory and injunctive relief.  The remaining allegations in paragraph 1 are legal conclusions to which no response is required.  To the extent the allegations paraphrase or summarize Colorado or federal law, the law speaks for itself and the allegations

1

are, therefore, denied. To the extent a response is required, the CoPUC denies the allegations.

2. The allegations in paragraph 2 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

3. The CoPUC admits that Plaintiff challenges Rule 3902(c). The remaining allegations attempting to paraphrase or summarize federal and state law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal or state law, the law speaks for itself and the allegations are, therefore, denied. To the extent a response is required, the CoPUC denies the allegations.

4. The CoPUC admits that Plaintiff asks this Court to declare Rule 3902(c) unlawful as implemented by the CoPUC. The CoPUC denies that the proceedings to which Plaintiff refers are precedent, and denies the remaining allegations in paragraph 4.

**PARTIES**

5. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 6, and therefore denies them.

7. The CoPUC admits that the CoPUC is an agency of the State of Colorado. The CoPUC admits that Chairman Jeffery P. Ackermann, and Commissioners

Frances A. Koncilja, and Commissioner Wendy M. Moser, are residents of the State of Colorado.

8. The CoPUC admits that it comprises a "state regulatory authority" as that term is used in Section 210(h)(2)(B) of the Public Utility Regulatory Policies Act of 1978 ("PURPA").

## JURISDICTION

9. The CoPUC admits Plaintiff brings the lawsuit pursuant to Section 210(h)(2)(B) of PURPA.

10. The CoPUC admits that Plaintiff seeks declaratory and injunctive relief. To the extent the allegations in paragraph 10 paraphrase or summarize federal or state law, the law speaks for itself and the allegations are, therefore, denied. The remaining allegations in paragraph 10 are denied.

11. The allegations in paragraph 11 are legal contentions to which no response is required. To the extent a response is required, the CoPUC denies the allegations.

12. Subject to the CoPUC's Affirmative Defenses, the CoPUC admits the allegations in paragraph 12.

## VENUE

13. The CoPUC admits that Chairman Jeffery P. Ackermann, and Commissioners Frances A. Koncilja, and Commissioner Wendy M. Moser, are residents of the State of Colorado. Subject to the CoPUC's Affirmative Defenses, the CoPUC admits that venue is proper in this Court. The remaining allegations in paragraph

13, including without limitation that there were any "events or omissions" giving rise to Plaintiff's claims, are denied.

## GENERAL ALLEGATIONS

14. The allegations in paragraph 14 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

15. The allegations in paragraph 15 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

16. The allegations in paragraph 16 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

17. The allegations in paragraph 17 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

18. The allegations in paragraph 18 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

19. The allegations in paragraph 19 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

20. The allegations in paragraph 20 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

21. The allegations in paragraph 21 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

22. . The allegations in paragraph 22 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

23. The allegations in paragraph 23 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

24. The allegations in paragraph 24 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations

paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

25. The allegations in paragraph 25 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

26. The allegations in paragraph 26 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

27. The CoPUC admits the allegation in paragraph 27 that state regulatory commissions "may comply with the statutory requirements by issuing regulations, by resolving disputes on a case-by-case basis, or by taking any other action reasonably designed to give effect to FERC's rules."

28. The CoPUC admits that "states play the primary role in calculating avoided costs and in overseeing the contractual relationship between [qualifying facilities] and utilities operating under the regulations promulgated by [the FERC]."

29. The allegations in paragraph 29 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

30. The CoPUC denies the allegations in paragraph 30. The CoPUC affirmatively states that Colorado implements PURPA and the FERC's regulations throughout its rules and practices.

31. The allegations in paragraph 31 attempting to paraphrase or summarize state law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize state law, the law speaks for itself and the allegations are, therefore, denied.

32. The allegations in paragraph 32 citing state law are legal conclusions, which require no answer. However, the CoPUC admits current Rule 3902(a) states: "Each utility shall pay qualifying facilities a rate for energy and capacity purchases based on the utility's avoided costs."

33. The allegations in paragraph 33 citing state law are legal conclusions, which require no answer. However, the CoPUC admits current Rule 3902(c) states, in part: "A utility shall use a bid or an auction or a combination procedure to establish its avoided costs for facilities with a design capacity of greater than 100 kW [kilowatts]."

34. The allegations in paragraph 34 citing state law are legal conclusions, which require no answer. However, the CoPUC admits current Rule 3902(c) states, in part: "The utility is obligated to purchase capacity or energy from the qualifying facility only if the qualifying facility is awarded a contract under the bid or auction or combination process."

35. The allegations in paragraph 35 attempting to paraphrase or summarize state law are legal conclusions, which require no answer. To the extent the allegations

paraphrase or summarize state law, the law speaks for itself and the allegations are, therefore, denied.

36. The allegations in paragraph 36 attempting to paraphrase or summarize state law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize state law, the law speaks for itself and the allegations are, therefore, denied.

37. The allegations in paragraph 37 attempting to paraphrase or summarize state law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize state law, the law speaks for itself and the allegations are, therefore, denied.

38. The CoPUC denies the allegations in paragraph 38.

39. The allegations in paragraph 39 attempting to paraphrase or summarize state law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize state law, the law speaks for itself and the allegations are, therefore, denied.

40. The allegations in paragraph 40 attempting to paraphrase or summarize state law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize state law, the law speaks for itself and the allegations are, therefore, denied.

41. The CoPUC denies the allegations in paragraph 41.

42. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 42, and therefore denies them.

43. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 43, and therefore denies them.
44. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 44, and therefore denies them.
45. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 45, and therefore denies them.
46. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 46, and therefore denies them.
47. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 47, and therefore denies them.
48. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 48, and therefore denies them.
49. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 49, and therefore denies them.
50. The CoPUC denies the allegations in paragraph 50.
51. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 51, and therefore denies them.  To the extent allegations reference email communications between Plaintiff and Public Service Company of Colorado, the communications speak for themselves and are, therefore, denied.
52. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them. To the extent allegations

reference communications between Plaintiff and Public Service Company of Colorado, the communications speak for themselves and are, therefore, denied.

53. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 53, and therefore denies them. To the extent allegations reference communications between Plaintiff and Public Service Company of Colorado, the communications speak for themselves and are, therefore, denied.

54. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 54, and therefore denies them. To the extent allegations reference communications between Plaintiff and Public Service Company of Colorado, the communications speak for themselves and are, therefore, denied.

55. The CoPUC admits that on October 14, 2016, sPower filed a motion with the CoPUC asking the CoPUC to waive Rule 3902(c) and require Public Service Company of Colorado to purchase energy and capacity from sPower's QFs.

56. The CoPUC admits that on December 14, 2016, the CoPUC denied sPower's motion. The CoPUC denies the remaining allegations.

57. The CoPUC denies the allegations in paragraph 57.

58. The CoPUC denies the allegations in paragraph 58.

59. The CoPUC denies the allegations in paragraph 59.

60. The CoPUC admits that, on December 30, 2016, sPower filed a Petition for Enforcement Pursuant to Section 210(h) of PURPA with the Federal Energy Regulatory Commission (FERC), with Docket No. EL17-35-000.

61. The CoPUC admits that sPower requested that the FERC initiate an enforcement action in federal district court against the CoPUC within 60 days.

62. The CoPUC admits that sPower requested that FERC seek to invalidate Rule 3902(c) and provide any other relief that the FERC deemed appropriate. The CoPUC denies the other allegations in paragraph 62.

63. The allegations in paragraph 63 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

64. The allegations in paragraph 64 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

65. The CoPUC admits that the FERC was without a quorum on the dates indicated as of the filing of the initial complaint filed by Plaintiff in this Court.

66. The CoPUC admits that the FERC did not initiate an enforcement action based on sPower's petition on or before February 28, 2017.

67. The CoPUC admits that the FERC did not initiate an enforcement action based on sPower's petition.

68. The allegations in paragraph 68 attempting to paraphrase or summarize state law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize state law, the law speaks for itself and the allegations are, therefore, denied.

## FIRST CLAIM FOR RELIEF

69. The CoPUC incorporates its responses to all other paragraphs of the Amended Complaint as if set forth herein.

70. The allegations in paragraph 70 attempting to paraphrase or summarize federal law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize federal law, the law speaks for itself and the allegations are, therefore, denied.

71. The CoPUC lacks sufficient information to form a belief as to the truth of the allegations in paragraph 71, and therefore denies them.

72. The CoPUC admits it is a state regulatory authority under PURPA.

73. The allegations in paragraph 73 attempting to paraphrase or summarize state law are legal conclusions, which require no answer. To the extent the allegations paraphrase or summarize state law, the law speaks for itself and the allegations are, therefore, denied.

74. The CoPUC denies the allegations in paragraph 74.

75. The CoPUC denies the allegations in paragraph 75.

76. The CoPUC denies the allegations in paragraph 76.

77. The CoPUC admits the allegations in paragraph 77.

78. The CoPUC admits that, as of the filing of the Amended Complaint, more than 60 days have elapsed since sPower filed its Petition for Enforcement with the FERC.

79. The CoPUC admits that, as of the filing of the Amended Complaint, and as of the date of this Answer, the FERC has not initiated an enforcement action with respect to sPower's Petition for Enforcement.

80. The CoPUC denies the allegations in paragraph 80.

## GENERAL DENIAL

CoPUC denies all allegations in the Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over the Plaintiff's claim.
2. The Plaintiff lacks standing to bring the Amended Complaint.
3. The Amended Complaint is not ripe for adjudication in this Court.
4. The Amended Complaint fails to state a claim upon which relief can be granted.
5. The Amended Complaint unnecessarily disrupts state-wide efforts on policies interrelated with state law, and abstention is appropriate.
6. CoPUC reserves the right to raise additional affirmative defenses as they are made aware of new or additional information.

WHEREFORE, the CoPUC requests that the Court enter judgment in its favor and against Plaintiff, deny Plaintiff's request for declaratory and injunctive relief, and grant such other relief as the Court deems appropriate.

Respectfully submitted this 2nd day of July, 2018.

        CYNTHIA H. COFFMAN
        Attorney General

        /s/ Erin L. McLauthlin
        ***Erin L. Mclauthlin***
        Assistant Attorney General
        Public Utilities Commission Unit
        State Services Section
        Ralph L. Carr Colorado Judicial Center
        1300 Broadway, 6th Floor
        Denver, CO 80203
        Tel: 720-508-6164
        Fax: 720-508-6104
        Email: erin.mclauthlin@coag.gov
        *\*Counsel of Record*

15

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, I served a true and complete copy of the foregoing Williams and Coffman's **ANSWER** upon all parties through ECF:

Kevin T. Fox
Scott F. Dunbar
1580 Lincoln Street, Suite 880
Denver, CO 80203

Gregory E. Sopkin
Matthew S. Larson
Wilkinson Barker Knauer LLP
1755 Blake Street, Suite 470
Denver, CO  80202

Christopher M. Irby
Xcel Energy Services, Inc.
1800 Larimer Street, Suite 1100
Denver, CO  80202-1414

Marie H. Ruettgers
Black Hills Corporation – Rapid City
7001 Mt. Rushmore Rd
Rapid City, SD  57702

/s/ *Xan Serocki*