Case 1:17-cv-00683-CMA-NYW   Document 86   Filed 08/22/18   USDC Colorado   Page 1 of 11

Case 1:17-cv-00683-CMA-NYW   Document 86   Filed 08/22/18   USDC Colorado   Page 1 of 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00683-CMA-NYW

**sPower Development Company, LLC,** a Delaware limited liability company,

    Plaintiff,

v.

**Colorado Public Utilities Commission,** a regulatory agency of the State of Colorado;
**Jeffrey P. Ackermann**, in his official capacity as Commissioner and Chairman of the Colorado Public Utilities Commission;
**Frances A. Koncilja**, in her official capacity as Commissioner of the Colorado Public Utilities Commission; and
**Wendy M. Moser**, in her official capacity as Commissioner of the Colorado Public Utilities Commission,
**Public Service Company of Colorado**, and
**Black Hills Colorado Electric, Inc.**,

    Defendants.

## DEFENDANTS' JOINT MOTION REQUESTING ADMINISTRATIVE CLOSURE

    Defendants, the Colorado Public Utilities Commission, a regulatory agency of the State of Colorado; Jeffrey P. Ackermann, in his official capacity as Chairman of the Colorado Public Utilities Commission; Frances A. Koncilja and Wendy M. Moser, in their official capacity as Commissioners of the Colorado Public Utilities Commission (collectively, the "CoPUC"); Public Service Company of Colorado ("Public Service"); and Black Hills Colorado Electric, Inc. ("Black Hills"), submit their Joint Motion Requesting Administrative Closure ("Motion").

### CERTIFICATION OF CONFERRAL

Pursuant to D.C.COLO.L.CivR 7.1(a), the parties conferred via email over the weeks of August 13 and 20, 2018, but Plaintiff sPower Development Company, LLC, ("sPower") and Defendants could not reach agreement regarding this Motion. sPower opposes Defendants' request to administratively close this case and opposes Defendants' alternative solution to require a status report by November 1, 2018.

### MOTION

1. Defendants respectfully move the Court to grant this Motion and administratively close this proceeding, following the administrative closure recommendation made by Magistrate Judge Wang in the August 8, 2018 status conference in this matter. In the alternative, if the Court does not administratively close this matter, Defendants respectfully suggest the Court require a status report from parties no later than November 1, 2018, such that the Court may set (or reset) a scheduling conference, if any is necessary, revisit administrative closure, or take other appropriate action.

2. Administrative closure is preferable to resetting a scheduling conference for November 2018, given that sPower's single claim in this lawsuit may be mooted by a rulemaking underway at the COPUC, as discussed in the status conference and further explained herein. If that rulemaking does moot, or otherwise resolve, sPower's claim, there will be nothing to schedule; if it does not, then this matter can be reopened, for good cause shown, as Magistrate Wang explained in the status conference.

3.     The sole issue in this case is sPower's claim that the second sentence of CoPUC Rule 3902(c), 4 Code of Colorado Regulations 723-3 ("Rule 3902(c)"), violates the Public Utility Regulatory Policies Act of 1978, Pub. L. No. 95-617, 92 Stat. 3117 ("PURPA").  On July 25, 2018, the CoPUC noticed a rulemaking that proposes to strike that sentence.  CoPUC Proceeding No. 18R-0492E, *Notice of Proposed Rulemaking,* Decision No. C18-0601 (July 25, 2018) ("NOPR").

4.     Subsequent to the issuance of the NOPR, sPower filed 18 new applications with the CoPUC, requesting the adjudication and enforcement of a legally enforceable obligation under PURPA requiring Public Service (for 17 of the applications) and Black Hills (for one of the applications) to purchase energy and capacity from facilities that sPower asserts are Qualifying Facilities under PURPA .

5.     The rulemaking proceeding at the CoPUC, along with the 18 sPower application proceedings, could resolve or significantly impact the proceedings in this case. As noted in both the Unopposed Motion to Vacate and Reset the Rule 16(b) Scheduling Conference ("Motion to Vacate") filed July 27, 2018, by sPower, and at the August 8, 2018 status conference, the rulemaking proceeding could resolve sPower's single claim in its lawsuit, as currently pleaded, and the rulemaking proceeding may be completed by November 2018.  The 18 applications proceedings, however, will likely not be concluded by November 2018, and could stretch into 2019 based on typical CoPUC timelines for decisions on applications established by Colorado statute.

6.     Fed.R.Civ.P. 26(c) permits the Court to "make any order which justice requires to protect a party … from… undue burden or expense."  For the sake of efficiency

and to allow time for the rulemaking and adjudications to progress toward final decisions, at this time, administrative closure of this case is the more prudent path.

### Recent History: sPower's Motion to Vacate in Light of CoPUC Rulemaking

7. On July 27, 2018, sPower filed its Motion to Vacate requesting that the Court vacate the Rule 16(b) scheduling conference, previously set for August 8, 2018, and reschedule it for no earlier than November 19, 2018. As support for its motion, sPower explained that on July 25, 2018, the CoPUC issued the NOPR, proposing to strike the second sentence of the CoPUC's Rule 3902(c). sPower further represented that the CoPUC rulemaking proceeding may resolve this litigation. The Court granted the Motion to Vacate but repurposed the scheduling conference as a status conference, as previously noted.

8. Defendants agree that the proposed rulemaking may resolve this lawsuit as currently framed. Initial comments in the rulemaking are due August 24, 2018, with responsive comments due September 7, 2018, and an *en banc* hearing before the Commission set for September 14, 2018. sPower in this instant proceeding challenges the second sentence of Rule 3902(c), which the NOPR proposes to strike. Although Public Service, Black Hills, or other commenting parties in the rulemaking may propose alternatives to striking the second sentence of Rule 3902(c), if the CoPUC ultimately does strike the second sentence as set forth in the NOPR, that would resolve sPower's claims in this case. In that event, there would be no need to hold a scheduling conference.

### sPower's New CoPUC Filings

9. Subsequent to filing its Motion to Vacate in this proceeding, and shortly following the NOPR that initiated the CoPUC rulemaking proceeding, on July 30 and 31, 2018, sPower filed 18 new applications at the CoPUC, each seeking an adjudication to determine whether sPower has legally enforceable obligations, pursuant to PURPA, with either Public Service or Black Hills.

10. On August 1, 2018, the CoPUC put each of these filings on public notice for 30 days so that persons desiring to intervene or participate as a party have time to do so. These notice and interventions periods will not close until early September (would-be interveners have until August 31, 2018 to file requests for intervention; CoPUC Staff, which may intervene as of right, has until September 7, 2018 to file its intervention).

11. The CoPUC must also review the applications for completeness no more than 15 days following the intervention period.  *See* § 40-6-109.5, Colo. Rev. Stat. (2017); 4 CCR § 723-1, Rule 1003; & 4 CCR § 723-3, Rule 3002.  sPower's applications did not include pre-filed testimony and exhibits.  By statute, any application not accompanied by pre-filed testimony and exhibits requires a decision no later than 210 days after an application is deemed complete.  *See* § 40-6-109.5(2), Colo. Rev. Stat. 2017. Colorado law also allows the CoPUC to extend this timeline to 300 days under certain circumstances. *See* § 40-6-109.5(4), Colo. Rev. Stat. (2017).

12. The CoPUC and interested participants, including Public Service and Black Hills, are currently reviewing the applications.  At this time, it is uncertain what impact the filings have on this federal litigation.  If the CoPUC deems the applications complete, the

current 210-day statutory clock will extend through March 2019. While the CoPUC may make its decision earlier than the statutory time permitted, the applications will almost certainly not be adjudicated by November 2018.

**Status Conference and Magistrate Judge Recommendation**

13.     At the August 8, 2018 status conference, sPower's counsel explained the reasoning set forth in the Motion to Vacate, informed the Magistrate Judge of sPower's newly filed 18 applications before the CoPUC, and added that sPower may seek to amend its Complaint in some fashion to address those application proceedings, depending on the determination in those proceedings. sPower's counsel also indicated that "we hope that by the time late November rolls around, which is when we suggested a second scheduling conference, we'll know the status of the rule and we'll know the status of some applications sPower has filed at the Public Utilities Commission seeking legally enforceable obligations." Transcript of August 8, 2018 status conference proceedings before Magistrate Judge Wang, at p.4:1-4 (attached as Exhibit A, hereafter "Status Conference transcript"). sPower's counsel added that sPower is not prepared to agree that its case is moot, if the CoPUC strikes the second sentence of Rule 3902(c) in the rulemaking, but "imposes other roadblocks." Status Conference transcript at p. 5:5-8.

14.     After hearing from both sPower's counsel and CoPUC counsel on the pending proceedings before the CoPUC, Magistrate Judge Wang indicated that she believed administratively closing this proceeding would be appropriate at this time "because I think we all know that we don't know exactly what the decision is going to be, when it's going to come, and how long it's going to take you all to sort of regroup and

figure out how to go forward unless a certain set of actions happen." Status Conference transcript at 7:13-17.  Defendants agreed at the status conference that administrative closure would be appropriate given Magistrate Judge Wang's observations. sPower's counsel indicated he needed time to discuss the possibility of administrative closure with his client.

15.     Magistrate Judge Wang therefore ordered that the parties confer and file, on or before August 22, 2018, a motion to administratively close the proceeding, reset the Scheduling Conference, or present other options to the Court.  As indicated, the Parties have conferred.  Defendants believe the administrative closure option makes the most sense, given the facts outlined above. Defendants reiterate here that if the rulemaking does strike the second sentence of Rule 3902(c), then sPower's request that the Court determine whether that sentence complies with PURPA is resolved.  Further, to the extent that the disposition of sPower's newly filed CoPUC applications would present any issues that could properly be presented to this Court, those matters are unlikely to be concluded by November 2018.  In short, there is a distinct likelihood that there will be nothing to schedule in this federal litigation come November 2018.

16.     sPower would prefer to reset the Scheduling Conference for November 2018, and will be filing a separate motion to that effect.  In the parties' conferral discussions sPower's counsel contended that nothing had changed that would warrant not simply resetting the Scheduling Conference for November 2018.  That is not the case; two things have changed.  First, subsequent to sPower filing its Motion to Vacate, sPower filed the 18 new applications at the CoPUC, and it suggested to this Court that it may

seek to assert new claims in this proceeding depending on the disposition of those applications at the CoPUC. Second, based on this information, Magistrate Judge Wang logically recommended administrative closure at this time to allow for better clarity regarding the proceedings at the CoPUC before determining what further proceedings, if any, are necessary and appropriate before this Court.

**Defendants Support the Magistrate Judge's Recommendation**

17.   Given the circumstances, administrative closure is more judicially and administratively efficient than simply resetting the scheduling conference. Consistent with sPower's representation in its Motion to Vacate, it is appropriate for the parties to "focus on the CoPUC's NOPR proceeding, which may resolve this litigation . . . ." Administrative closure would save all parties the expense of proceeding in two forums concurrently.

18.   Administrative closure is also prudent because sPower's counsel suggested at the status conference that sPower may seek to amend its complaint in light of its 18 applications before the CoPUC. Status Conference transcript at 6: 16-20. Given the statutory 210-day decision timeline mentioned above, waiting for potential amendments to the complaint based on the adjudication of 18 CoPUC applications, even assuming any such amended claims could be appropriately asserted before this Court, may keep the case in further limbo for an inappropriately long time.

19.   As proposed by the Magistrate Judge, administrative closure does not prejudice any party. Consistent with the goals set forth in Fed.R.Civ.P. 26(c), parties will avoid the burden and undue expense of duplicative litigation before the CoPUC and in

this Court. While CoPUC action may resolve this case, in the event that it does not, the case could be reopened for good cause.

20. In the alternative, if the Court determines it would be preferable to keep this case administratively open and, ultimately, reset a scheduling conference, Defendants respectfully suggest that it would be prudent to request a status report from the parties. A status report could be provided once a procedural schedule is established in sPower's CoPUC application proceedings, and no later than November 1, 2018. If that status report demonstrates that the application proceedings likely will not conclude by November 2018, then it would be prudent at that time for the Court to vacate a reset Scheduling Conference, if any,[1] revisit the option of administrative closure, or take other action as it deems appropriate.

*Wherefore* Defendants request that the Court administratively close this matter without prejudice, subject to being reopened for good cause shown. In the alternative, if this matter is not administratively closed, Defendants suggest the Court require a status report from parties no later than November 1, 2018.

Respectfully submitted this 22nd day of August 2018.

---

[1] If the Court chooses to set a scheduling conference, as recommended by sPower in its separate motion, the CoPUC, Public Service, and Black Hills are available any day during the week requested by sPower (November 26–30, 2018). Given that Defendants have already canvassed here the reasons why administrative closure makes more sense than resetting a scheduling conference at this time, Defendants will not be filing a separate opposition to sPower's motion to reset the Scheduling Conference.

*/s/* Tyler E. Mansholt
*Tyler E. Mansholt*, # 51979
Corporate Counsel
Black Hills Corporation
1515 Wynkoop Street, Suite 500
Denver, CO 80202
Telephone: (303) 566-3455
Tyler.Mansholt@blackhillscorp.com

**Attorney for Black Hills Colorado Electric, Inc.
d/b/a Black Hills Energy**

*/s/* Matthew S Larson
*Matthew S. Larson*, #41305
Philip J. Roselli, #20963
Wilkinson Barker Knauer LLP
1755 Blake Street, Suite 470
Denver, Colorado 80202
Phone: (303) 626-2350
Email: mlarson@wbklaw.com
        proselli@wbklaw.com

**Attorneys For Public Service Company Of Colorado**

CYNTHIA H. COFFMAN
Attorney General

*s/* Erin L. McLauthlin
**Erin L. McLauthlin**, *# 41377* *
Assistant Attorney General
Public Utilities Commission Unit
State Services Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: 720 508-6154
FAX: 720 508-6041
E-Mail: erin.mclauthlin@coag.gov

**Attorney for Defendant CoPUC**
***Counsel of Record**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2018, I served a true and complete copy of the foregoing **DEFENDANTS' JOINT MOTION REQUESTING ADMINISTRATIVE CLOSURE** upon all counsel of record listed below through ECF:

*Counsel for Plaintiff*:

Kevin T. Fox
Scott F. Dunbar
Keyes & Fox LLP
1580 Lincoln St., Suite 880
Denver, CO  80203
kfox@keyesfox.com
sdunbar@keyesfox.com

*s/ Xan Serocki*